CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶54 I concur in the Court’s opinion on issue one and its holding that the public-here, represented by the Gazette-has a right to inspect the entirety of the deposition at issue with names of the non-parties redacted. I also join the Court in concluding the District Court abused its discretion by failing to state a rationale for denying the Gazette’s motion for attorney fees and its remand for that purpose. Our precedent compels this result.
¶55 I respectfully dissent from much of the Court’s discussion of issue two relating to attorney fees. In addition, I feel compelled to comment on the concurring Justice’s views.
¶56 To begin near the end of the Court’s opinion, the Court makes an actual holding that discretion to deny attorney fees in right to know cases is “not unfettered.” A “holding” is a “court’s determination of a matter of law pivotal to its decision[.]” See 749 BLACK’S Law DICTIONARY (8th ed. 2004). Here, no party suggests-and nor would a party to any other case in Montana suggest-that judicial discretion is unfettered. In my view, the law is abundantly clear that discretion is not unfettered. Thus, the Court’s “holding” to that effect is not a determination of a matter of law, much less a matter of law “pivotal” to its decision on attorney fees in the present case.
¶57 We all agree that the language of § 2-3-221, MCA, vests discretion in a district court. Moreover, our longstanding and ineluctable rule is that a trial court abuses its discretion when it “acts arbitrarily without conscientious judgment or exceeds the bounds of reason resulting in substantial injustice.” Campbell v. Canty, 1998 MT 278, ¶ 35, 291 Mont. 398, ¶ 35, 969 P.2d 268, ¶ 35; see also, Shilhanek v. D-2 Trucking, Inc., 2000 MT 16, ¶ 24, 298 Mont. 101, ¶ 24, 994 P.2d 1105, ¶ 24; Matter of Investigative Records, 272 Mont. at 488, 901 P.2d at 567. Stated simply, this means that an exercise of judicial discretion *408 requires non-arbitrary, conscientious judgment. It clearly does not mean-and has never meant-that discretion is unfettered.
¶58 Furthermore, it is not easy-and is not intended to be easy-for a party to establish an abuse of discretion on appeal. However, it can be done-and is not uncommonly done-by appellants in this Court. See, e.g., State v. Golie, 2006 MT 91, ¶ 30, 332 Mont. 69, ¶ 30, 134 P.3d 95, ¶ 30; Somont Oil Co. v. A & G Drilling, Inc., 2006 MT 90, ¶¶ 23, 28, 332 Mont. 56, ¶¶ 23, 28, 137 P.3d 536, ¶¶ 23, 28. As stated above, no “holding” that discretion is not unfettered is necessary here, or in any other case. Holdings by this Court should continue to be used only for pivotal determinations of legal matters.
¶59 Moreover, I do not understand the Court’s reasons for even mentioning Associated Press, Inc. in discussing attorney fees in the present case. From our numerous cases on the attorney fee issue in right to know versus right to privacy cases, it appears to me the Court references one that is substantially dissimilar. It is true that in Associated Press, Inc., we held that the costs of litigation in cases where public benefits were gained should be spread among beneficiaries. We so held, however, in the context of an action by AP successfully challenging a Department of Revenue regulation we held was facially unconstitutional, and the very promulgation of which was egregious conduct by a state agency. I agreed with our decision on attorney fees there and continue to support it.
¶60 The case now before us bears little resemblance to Associated Press, Inc. Here, the County-not the Gazette-began the underlying action. Recognizing its obligations pursuant to the constitutional right to know as well as its employees’ asserted constitutional rights to privacy, it is my view the County did the best it could: it filed for a District Court declaration regarding the competing constitutional rights within two weeks of the Gazette’s initial request (which, importantly, did not yet include a request for the Bevolden deposition which later became-and still is on appeal-a primary focal point of the Gazette’s interest). In doing so, the County asked a court to balance the competing constitutional rights as discussed in the Court’s opinion on issue one.
¶61 What were the County’s other options? It could have simply ignored privacy rights and provided the information to the Gazette. Surely this Court does not want to encourage a government entity to do so. In any event, the potential result of that choice by the County would be litigation asserting a violation of its employees’ privacy rights. Alternatively, the County could have told the Gazette “the heck *409 with the right to know.” Surely we do not want to encourage that conduct either, with the relatively certain result of litigation by the Gazette asserting a violation of the constitutional right to know, which properly would be more susceptible to an award of attorney fees pursuant to Associated Press, Inc. It is my view that the County took the only reasonable approach by presenting the matter to a judge whose job it is to resolve such sensitive constitutional balancing issues.
¶62 At the bottom line, I note that we-and others-often cite to the discretion vested in a trial court pursuant to § 2-3-221, MCA. We often overlook, however, the remainder of that statute which states without equivocation that “[a] plaintiff who prevails in an action brought in district court to enforce his rights under Article II, section 9, of the Montana constitution may be awarded his costs and reasonable attorneys’ fees.” Here, the Gazette was not a plaintiff trying to enforce rights under Article II, section 9; the County was the plaintiff in the District Court. Consequently, it is my view that-ultimately-the Gazette cannot be awarded attorney fees in this case.
¶63 With regard to the concurring Justice’s opinion, I fully understand the decision to put the Gazette’s late-offered “guidelines” out in plain view. We often include matters not timely or properly raised in a case before us in concurring opinions to “get them out there” as food for thought or for legal argument in future cases. Moreover, while some might question the propriety of giving advice to the Gazette’s lawyer (who, it safely can be said, does not need it!) about a position to take on remand, these are matters wholly within the judgment, conscience and discretion of each of us. For myself, I have no quarrel with the idea that district courts may-in an appropriate case-consider such factors, together with any other factors offered by parties or deemed appropriate by the court in cases such as these. I would not, however, support an effort to mandate consideration by district courts of these or any other factors in the exercise of their discretion under § 2-3-221, MCA.
¶64 Furthermore, I observe that the lengthy discussion of Article II, Sections 8 and 9, of the Montana Constitution and other matters-in ¶¶ 36-48 of the concurring opinion-springs entirely from the concurring Justice’s view that “a presumption of awarding attorney fees to the prevailing plaintiff’ should exist in cases of this type. It is important to note that the Gazette does not raise this theory. In addition, at least in my view, the discussion in support of the “presumption” appears to place the concurring Justice somewhat at odds with the Court’s-and my-continued support of the critical balancing test in right to know *410 and right to privacy cases, as discussed by the Court in issue one. Finally, the presumption-even as expressed by the concurring Justice-would apply to a “prevailing plaintiff.” In any event, however, this latter portion of the concurring Justice’s theory is consistent with the language of § 2-3-221, MCA, as discussed above, and would bar an award of attorney fees to the Gazette in the present case.
¶65 In sum, I concur in the Court’s opinion on issue one. I dissent from much of the Court’s rationale in discussing issue two and would simply, without fanfare, remand to the District Court for the entry of an order stating the reasons it denied the Gazette’s motion for attorney fees pursuant to § 2-3-221, MCA. I dissent from the Court’s failure to do so.